IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| RONNIE LEE ALSTON, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-15-2660 |
| MD ARASTOO YAZDANI, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

The above-entitled Complaint was filed on September 9, 2015, together with a Motion to Proceed in Forma Pauperis. *See* ECF Nos. 1 & 2. The Court will grant the motion to proceed in forma pauperis, but the Complaint will be dismissed.

The pro se Complaint was filed pursuant to this Court's federal question jurisdiction. Plaintiff alleges that the named Defendants "intentionally exploited Plaintiff's health insurance by intentionally failing to provide quality medical care, while falsifying medical records." ECF No. 1 at 1 & 3. He asserts that Defendants withheld medical records in order to prevent Plaintiff from pursuing remedies against them. *Id.* at 3. Plaintiff additionally claims that he was admitted to a hospital, administered highly addictive pain medication, and discharged from the hospital without being provided with a means to detox. *Id.* He states that Defendants refused to treat Plaintiff at their office, wrote "bogus" prescriptions, and failed to prescribe effective medications, resulting in an unspecified injury to Plaintiff. *Id.* Plaintiff specifies that his health insurance is provided through Medicare. *Id.* at 1.

The Complaint does not present a federal question to be litigated. Under the "well-pleaded complaint" rule, facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 599 U.S. 77, 95, 130 S.Ct. 1181 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

The Complaint does not comply with the requirements of Fed. R. Civ. Proc. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," nor Rule 8(e)(1) which requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the Court and Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Plaintiff does not provide dates regarding the alleged incidents, nor does the Complaint present a brief narrative regarding the actions taken by Defendants which form the basis for the Complaint. *See* ECF No. 1.

This Court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). The instant complaint is vague and so generalized that expecting the named

Defendants to defend against the allegations is unreasonable. Thus, the Complaint does not provide this Court or any potential Defendants "fair notice" of the claims and facts upon which they are based. The Complaint must be dismissed. A separate Order follows.

Dated: September 17, 2015

_____
GEORGE J. HAZEL
United States District Judge